USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___07/18/2024___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**M.H., individually and on behalf of S.H., a child with a disability,**

                                              **Plaintiff,**

                    **-against-**

**New York City Department of Education,**

                                              **Defendant.**

---

**1:23-cv-06714 (DEH) (SDA)**

**REPORT AND RECOMMENDATION**

---

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE DALE E. HO, UNITED STATES DISTRICT JUDGE:**

Plaintiff M.H., individually and on behalf of S.H., a child with a disability ("Plaintiff"), makes the instant motion seeking attorneys' fees and costs in the amount of $114,150.02 (plus post-judgment interest) for work performed by the Cuddy Law Firm, P.L.L.C. ("CLF") under the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).[1] (Pl.'s Not. of Mot., ECF No. 21; Pl.'s Mem., ECF No. 22; A. Cuddy Decl., ECF No. 27, at 19-20.) Defendant, the New York City Department of Education ("Defendant" or "DOE"), opposes the motion, asserting, *inter alia*, that the hourly rates sought and number of hours expended by Plaintiff's attorneys are excessive and unreasonable. (Def.'s Opp'n Mem., ECF No. 40, at 18-26.) For the reasons set forth below, it is respectfully recommended that the motion be GRANTED IN PART and DENIED IN PART.

---

[1] Plaintiff's motion and memorandum of law do not set forth the Federal Rule of Civil Procedure upon which the motion is based. Nevertheless, based on the submissions and Plaintiff's inclusion of a Rule 56.1 Statement (Pl.'s Rule 56.1, ECF No. 28), the Court presumes that Plaintiff's motion is in the nature of a summary judgment motion premised upon Rule 56 of the Federal Rules of Civil Procedure.

1

**BACKGROUND**

Plaintiff initiated impartial due process hearings on behalf of his child, S.H., who is classified as a child with a disability under 20 U.S.C. § 1401(3), alleging a denial of a Free Appropriate Public Education ("FAPE"), pursuant to the IDEA, for the 2018-19, 2019-20, 2020-21, 2021-22 and 2022-23 academic school years, and seeking various forms of relief. (Pl.'s Rule 56.1 ¶¶ 3-4, 7-10, 23-39; Def.'s Rule 56.1 Resp., ECF No. 36, ¶¶ 3-4, 7-10, 23-39.) These cases were assigned Impartial Hearing Office ("IHO") Case No. 203176 (regarding the 2018-19, 2019-20 and 2020-21 academic school years); IHO Case No. 224522 (regarding 2021-22 academic school year); and IHO Case No. 242313 (regarding the 2022-23 academic school year). (Pl.'s Rule 56.1 ¶¶ 8, 24, 37; Def.'s Rule 56.1 Resp. ¶¶ 8, 24, 37.)

I.    **IHO Case No. 203176**

On October 24, 2020, Plaintiff filed a due process complaint ("DPC") regarding the 2018-19, 2019-20 and 2020-21 academic school years and requested a hearing pursuant to 20 U.S.C. § 1415(f)(1). (Pl.'s Rule 56.1 ¶ 7; Def.'s Rule 56.1 Resp. ¶ 7.) Plaintiff sought, *inter alia*, a finding that Defendant did not provide S.H. with a FAPE during the identified academic year and demanded that Defendant fund S.H.'s tuition to Gersh Academy ("Gersh"), transportation to and from Gersh, DOE and independent evaluations, and compensatory services. (Pl.'s Rule 56.1 ¶¶ 9-10; Def.'s Rule 56.1 Resp. ¶¶ 9-10.)

A hearing on the merits was held on November 12, 2021.[2] (Pl.'s Rule 56.1 ¶¶ 13-14; Def.'s Rule 56.1 Resp. ¶¶ 13-14.) On December 21, 2021, another hearing on the merits was

---

[2] Plaintiff avers that at "the November 12, 2021 hearing, Defendant's counsel stated it contested Plaintiff's request for evaluations, compensatory education, and non-public school tuition." (Pl.'s Mem. at 6 (citing M. Cuddy Decl., ECF No. 25, ¶ 17).)

held and Plaintiff entered 30 documentary exhibits into evidence. (Pl.'s Rule 56.1 ¶ 15; Def.'s Rule 56.1 Resp. ¶ 15.) On January 10, 2022, Plaintiff and Defendant both submitted closing briefs. (Pl.'s Rule 56.1 ¶¶ 17-18; Def.'s Rule 56.1 Resp. ¶¶ 17-18.[3]) On February 14, 2022, the hearing officer issued findings of fact and a decision ("FOFD"), which neither party appealed. (Pl.'s Rule 56.1 ¶¶ 19-20; Def.'s Rule 56.1 Resp. ¶¶ 19-20.)

On February 20, 2023, Plaintiff submitted a demand for attorneys' fees to Defendant for IHO Case No. 203176. (Pl.'s Rule 56.1 ¶ 21; Def.'s Rule 56.1 Resp. ¶ 21.) On March 6, 2023, Defendant advised Plaintiff by email that the fee demand had been received and that an attorney had been assigned to the fee claim. (Pl.'s Rule 56.1 ¶ 22; Def.'s Rule 56.1 Resp. ¶ 22.)

## II.    IHO Case No. 224522

On February 15, 2022, Plaintiff filed a DPC regarding the 2021-22 academic school year and requested a hearing pursuant to 20 U.S.C. § 1415(f)(1). (Pl.'s Rule 56.1 ¶ 23; Def.'s Rule 56.1 Resp. ¶ 23.) Plaintiff's DPC demanded, *inter alia*, an FAPE, S.H.'s tuition to Gersh, a physical therapy evaluation of S.H. and an individualized education program meeting. (Pl.'s Rule 56.1 ¶¶ 25-26; Def.'s Rule 56.1 Resp. ¶¶ 25-26.)

A prehearing conference was held on March 24, 2022, and a hearing on the merits was held on March 30, 2022. (Pl.'s Rule 56.1 ¶¶ 29-30; Def.'s Rule 56.1 Resp. ¶¶ 29-30.) During the hearing, Plaintiff entered more than 30 documentary exhibits into evidence. (Pl.'s

---

[3] Defendant disputes the number of pages included in Plaintiff's closing statement. (*Compare* Pl.'s Rule 56.1 ¶ 18 ("On January 10, 2022, Plaintiff submits a fourteen (14) page closing brief in support of the claims and relief specified in Plaintiff's DPC."), *with* Def.'s Rule 56.1 Resp. ¶ 18 ("Disputed, Plaintiff submitted a closing statement that contained fewer than fourteen pages.").)

Rule 56.1 ¶ 31; Def.'s Rule 56.1 Resp. ¶ 32.[4]) On April 12, 2022, the hearing officer issued an FOFD. (Pl.'s Rule 56.1 ¶ 32; Def.'s Rule 56.1 Resp. ¶ 33.[5])

On February 17, 2023, Plaintiff submitted a demand for attorneys' fees to Defendant for IHO Case No. 224522. (Pl.'s Rule 56.1 ¶ 33; Def.'s Rule 56.1 Resp. ¶ 34.) On March 1, 2023, Defendant advised Plaintiff by email that the fee demand had been received and that an attorney had been assigned to the fee claim. (Pl.'s Rule 56.1 ¶ 34; Def.'s Rule 56.1 Resp. ¶ 35.)

### III.    IHO Case No. 242313

On November 16, 2022, Plaintiff filed a DPC regarding the 2022-23 academic school year and requested a hearing pursuant to 20 U.S.C. § 1415(f)(1). (Pl.'s Rule 56.1 ¶¶ 35-37; Def.'s Rule 56.1 Resp. ¶¶ 36-38.) Plaintiff's DPC demanded, *inter alia*, an FAPE, S.H.'s tuition to Gersh, and transportation to and from S.H.'s home and Gersh Academy. (Pl.'s Rule 56.1 ¶¶ 37-38; Def.'s Rule 56.1 Resp. ¶¶ 38-39.)

A hearing officer was appointed on February 16, 2023. (Pl.'s Rule 56.1 ¶ 39; Def.'s Rule 56.1 Resp. ¶ 40.) Defendant failed to hold a resolution meeting. (Pl.'s Rule 56.1 ¶ 40; Def.'s Rule 56.1 Resp. ¶ 41.) A hearing on the merits was held on February 28, 2023. (Pl.'s Rule 56.1 ¶ 41; Def.'s Rule 56.1 Resp. ¶ 42.) During the hearing, Plaintiff entered more than forty-three (43) documentary exhibits into evidence. (Pl.'s Rule 56.1 ¶ 42; Def.'s Rule 56.1

---

[4] Defendant disputes the number of exhibits that Plaintiff introduced into evidence. (*Compare* Pl.'s Rule 56.1 ¶ 31 ("On March 30, 2022, Plaintiff entered thirty-two (32) documentary exhibits into evidence."), *with* Def.'s Rule 56.1 Resp. ¶ 32 ("Disputed, Plaintiff submitted Exhibits A-HH (34 exhibits) on March 30, 2022.").)

[5] Defendant's paragraph numbering is off by one starting at ¶ 33 due to a numbering error at ¶¶ 31-32 of Defendant's responses Plaintiff's Rule 56.1 Statement.

Resp. ¶ 43.) On March 16, 2023, the hearing officer issued an FOFD. (Pl.'s Rule 56.1 ¶ 43; Def.'s Rule 56.1 Resp. ¶ 44.)

On June 12, 2023, Plaintiff submitted a demand for attorneys' fees to Defendant for IHO Case No. 242313. (Pl.'s Rule 56.1 ¶ 44; Def.'s Rule 56.1 Resp. ¶ 45.) On June 23, 2023, Defendant advised Plaintiff by email that the fee demand had been received and that an attorney had been assigned to the fee claim. (Pl.'s Rule 56.1 ¶ 45; Def.'s Rule 56.1 Resp. ¶ 46.)

## PROCEDURAL HISTORY

On August 21, 2023, Plaintiff filed his Complaint in this action seeking costs, expenses and attorneys' fees for the administrative proceeding in Case Nos. 203716, 224522 and 242313, together with pre- and post-judgment interest. (Compl., ECF No. 1, at 9.) On November 24, 2023, Defendant filed its Answer. (Answer, ECF No. 13.)

On February 23, 2024, Plaintiff filed the instant motion with its accompanying motion papers. (*See generally* Pl.'s Not. of Mot.; Pl.'s Mem.; Pl.'s Rule 56.1; Antorino Decl., ECF No. 23; Delforte Decl., ECF No. 24; M. Cuddy Decl.; J. Cuddy Decl., ECF No. 26; A. Cuddy Decl.) On March 22, 2024, the Honorable Dale E. Ho referred the motion to the undersigned for a report and recommendation. (Am. Order of Ref., ECF No. 31.)

On April 2, 2024, Defendant filed its opposition papers to the Motion. (Def.'s Opp'n Mem.; Def.'s Rule 56.1 Resp.; Goldman Decl., ECF No. 37; Moraru Decl., ECF No. 38; Howland Decl., ECF No. 39; Nimmer Decl., ECF No. 41.) On April 15, 2024, Plaintiff filed his reply. (Pl.'s Reply, ECF No. 42; A. Cuddy Reply Decl., ECF No. 43.)

**LEGAL STANDARDS**

I.       **Summary Judgment**

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute over an issue of material fact qualifies as genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-04054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).

"In deciding a motion for summary judgment, the Court must 'construe the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor.'" *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-01923 (LJL), 2021 WL 4804031, at *6 (S.D.N.Y. Oct. 13, 2021) (quoting *Gilman v. Marsh & McLennan Cos., Inc.*, 826 F.3d 69, 73 (2d Cir. 2016)), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir.), *cert. denied*, 144 S. Ct. 490 (2023). "If the movant meets its burden, 'the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *A.G. v. N.Y.C. Dep't of Educ.*, No. 20-CV-07577 (LJL), 2021 WL 4896227, at *3 (S.D.N.Y. Oct. 19, 2021) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## II.     **IDEA Fee Awards**

The IDEA grants district courts the discretion to award "reasonable attorneys' fees" and costs to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The IDEA fee-shifting provisions are interpreted in the same manner as other civil rights fee-shifting statutes. *See A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 73 (2d Cir. 2005).

In determining whether to award attorneys' fees under a federal fee-shifting statute, such as the IDEA, a court must undertake a two-pronged inquiry. The court "must first determine whether the party seeking the award is in fact a prevailing party." *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006). "If the party is a prevailing party, the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees." *Id*. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A district court may award attorneys' fees if they are "reasonable" and "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C); *see also A.R.*, 407 F.3d at 79. "To calculate reasonable attorneys' fees under the IDEA, courts apply the 'lodestar' method." *H.C.*, 71 F.4th at 126 (citing A.*R.*, 407 F.3d at 79). "Under the lodestar method, a 'fee award is derived by multiplying the number of hours reasonably expended on the litigation [by] a

reasonable hourly rate.'" *Id.* (quoting *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999)) (internal quotation marks omitted). In "rare circumstances," the "district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011)) (internal quotation marks omitted).

"The relevant community for the purposes of determining a reasonable rate is the Southern District of New York, where both this litigation and the underlying administrative proceeding are centered." *H.A. v. N.Y.C. Dep't of Educ.*, No. 20-CV-10785 (PAE), 2022 WL 580772, at *5 (S.D.N.Y. Feb. 25, 2022). "CLF's persistence in repeatedly litigating its attorneys' fees has resulted in a plethora of cases concerning the appropriate rates for most of its attorneys." *S.C. v. N.Y.C. Dep't of Educ.*, No. 23-CV-01266 (LGS) (JLC), 2024 WL 1447331, at *4 (S.D.N.Y. Apr. 2, 2024) (citing more than two dozen cases).

## DISCUSSION

Defendant does not dispute that Plaintiff is a "prevailing party" entitled to recover reasonable fees and costs under 20 U.S.C. § 1415(i)(3)(B).[6] (*See generally* Def.'s Opp'n Mem.) Thus, the Court turns to calculating the presumptively reasonable fee for CLF by considering below the reasonable hourly rate for CLF attorneys and the reasonable hours spent by them.

### I.   Reasonable Hourly Rates

"[T]he reasonable hourly rate . . . 'is the rate a paying client would be willing to pay[.]'" *H.C.*, 71 F.4th at 126 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of*

---

[6] To be considered a prevailing party under the IDEA, a plaintiff must achieve a judicially sanctioned material alteration of the legal relationship of the parties, *see O'Shea v. Bd. of Educ. of Poughkeepsie City Sch. Dist.*, 521 F. Supp. 2d 284, 289 (S.D.N.Y. 2007), which occurred here.

*Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services, as well as all other pertinent factors, including those articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[7] *H.C.*, 71 F.4th at 126.

### A.    Senior Attorneys (M. Cuddy And A. Cuddy)

Plaintiff seeks hourly rates of $550.00 per hour for work done prior to 2023 and $600.00 per hour for work done thereafter for CLF Principal Andrew K. Cuddy, Esq. ("A. Cuddy") and Attorney Michael J. Cuddy, Jr., Esq. ("M. Cuddy" and together the "Senior Attorneys").[8] (Pl.'s Mem. at 9-10; A. Cuddy Decl. ¶¶ 16-17.) Citing the *Johnson* factors and other IDEA cases litigated by CLF, Defendant opposes the Senior Attorneys' hourly rates and instead suggests hourly rates of $360.00 per hour for work related to the administrative

---

[7] The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 187 n.3 (citing *Johnson*, 488 F.2d at 717-19). A court need not make specific findings as to each factor as long as it considers all of them when setting the fee award. *See E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-05243 (GBD) (FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014) (citations omitted).

[8] A. Cuddy was admitted to practice in New York in 1996 and since 2001 has concentrated in litigating hundreds of special education due process hearings. (A. Cuddy Decl. ¶ 16.) A. Cuddy serves as the president and managing attorney of CLF. (*Id.*) A. Cuddy "regularly oversee[s] the work of attorneys and support staff on IDEA cases at the administrative, district court, and circuit court levels." (*Id.*) M. Cuddy was admitted to practice in New York in 1989. (*Id.* ¶ 17.) M. Cuddy has represented New York parents in "hundreds of IDEA cases since 2009." (*Id.*)

proceedings and $200.00 per hour for work related to this action. (Def.'s Opp'n Mem. at 4-7.)

Courts in this District have approved hourly rates for senior attorneys with CLF, including A. Cuddy and M. Cuddy, ranging from $350.00 to $420.00 per hour. *See M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-02417 (JMF), 2018 WL 4386086, at *3 (S.D.N.Y. Sept. 14, 2018) (finding A. Cuddy's requested fee of $475.00 "somewhat excessive[,]" and reducing to $360.00 per hour); *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-07632 (PAE), 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (reducing A. Cuddy's requested fee from $450.00 to $400.00 per hour); *C.B. v. N.Y.C. Dep't of Educ.*, No. 18-CV-07337 (CM), 2019 WL 3162177 (S.D.N.Y. July 2, 2019) (finding A. Cuddy's requested fee of $475.00 excessive and reducing to $400.00 per hour); *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-CV-06851 (VEC), 2019 WL 4735050 (S.D.N.Y. Sept. 26, 2019) (finding A. Cuddy's requested fee of $475.00 excessive and reducing to $350.00 per hour).[9]

Recently, as in this case, CLF requested rates of $550.00 and $600.00 per hour for A. Cuddy, and those rates were reduced to $400.00 per hour after "[c]onsidering awards in similar cases, the difficulty of the questions presented in this matter, and that 'courts typically award fees at the bottom of the customary fee range[.]'" *D.S. v. N.Y.C. Dep't of*

---

[9] *See also M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-01923 (LJL), 2021 WL 4804031 at *13 (S.D.N.Y. Oct. 13, 2021), *aff'd*, 71 F.4th 120 (2d Cir. 2023) (approving $420.00 hourly rate for CLF senior attorneys, including A. Cuddy in contested case with lengthy proceedings and cross-examination); *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-02159 (RA), 2022 WL 4096071, at *3 (S.D.N.Y. Sept. 6, 2022) (approving hourly rate of $400.00 for A. Cuddy); *F.N. v. N.Y.C. Dep't of Educ.*, No. 21-CV-03379 (JPO), 2022 WL 3544128, at *4 (S.D.N.Y. Aug. 18, 2022) (approving $375.00 hourly rate for CLF senior attorneys, including A. Cuddy, where DOE mounted no defense and case involved a single 41-minute hearing); *H.C. v. N.Y.C. Dep't of Educ.*, No. 20-CV-00844 (JLC), 2021 WL 2471195, at *6 (S.D.N.Y. June 17, 2021) (awarding rate of $360.00 per hour for CLF attorneys A. Cuddy and M. Cuddy).

*Educ.*, No. 22-CV-10641 (GHW) (RFT), 2024 WL 2159785, at *7 (S.D.N.Y. Apr. 29, 2024), *report & recommendation adopted*, 2024 WL 2158583 (S.D.N.Y. May 14, 2024) (noting that no objections to report and recommendation had been filed). On average and based on published decisions available on Westlaw and LEXIS, courts in this District have awarded senior CLF attorneys an average of about $414.00 per hour in 2024.[10]

---

[10] *R.R. v. N.Y.C. Dep't of Educ.*, No. 23-CV-04494 (VEC) (RFT), 2024 U.S. Dist. LEXIS 98444, at *16-17 (S.D.N.Y. June 3, 2024) (awarding A. Cuddy $400.00 per hour for administrative proceedings and $200.00 per hour for the federal proceeding, and M. Cuddy $400.00 per hour, pending objections); *D.S. v. N.Y.C. Dep't of Educ.*, 2024 WL 2159785, at *7 (awarding A. Cuddy $400.00 per hour); *S.C.*, 2024 WL 1447331, at *5 (awarding A. Cuddy $425.00 per hour); *J.H. v. N.Y.C. Dep't of Educ.*, No. 23-CV-04753 (AKH), 2024 U.S. Dist. LEXIS 91161, at *4 (S.D.N.Y. May 21, 2024) (permitting attorney fee as high $550.00 per hour "given the special skill of Plaintiff's lawyers" and fact that "DOE resisted Plaintiff's FAPE claim at every stage"); *S.B. v. N.Y.C. Dep't of Educ.*, No. 23-CV-03961 (PAE), 2024 WL 1406559, at *6 (S.D.N.Y. Apr. 2, 2024) (awarding A. Cuddy and M. Cuddy $400.00 per hour for "minimally contested" matter), *appeal filed*, No. 24-00866 (2d Cir.); *F.N. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11177 (MKV), 2024 WL 1348637, at *8 (S.D.N.Y. Mar. 29, 2024) (awarding A. Cuddy $375.00 per hour for "relatively routine, uncontested work" performed in case); *T.P. v. N.Y.C. Dep't of Educ.*, No. 22-CV-09413 (PAE), 2024 WL 986587, at *7 (S.D.N.Y. Mar. 7, 2024) (awarding A. Cuddy $400.00 per hour in "light of some light inflation" since cited cases that awarded lower amounts where "liability is essentially uncontested, as here."); *J.G. v. N.Y.C. Dep't of Educ.*, No. 23-CV-00959 (PAE), -- F. Supp. 3d --, 2024 WL 728626, at *8 (S.D.N.Y. Feb. 22, 2024) (awarding A. Cuddy and M. Cuddy $400.00 per hour as the "$500/600 hourly rate sought . . . is well above what a reasonable client would pay."); *R.M. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11210 (PGG) (VF), 2024 U.S. Dist. LEXIS 26152, at *19 (S.D.N.Y. Feb. 14, 2024) (awarding A. Cuddy $400.00 per hour, pending objections); *M.B. v. N.Y.C. Dep't Educ.*, No. 22-CV-06406 (JPC) (SN), 2024 WL 1435330, at *5 (S.D.N.Y. Jan. 24, 2024) (awarding A. Cuddy and M. Cuddy $380.00 per hour), *report & recommendation adopted*, 2024 WL 1343596 (S.D.N.Y. Mar. 30, 2024), *appeal filed*, No. 24-00869 (2d Cir.); *N.G. v. N.Y.C. Dep't of Educ.*, No. 21-CV-08488 (PGG) (JLC), 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024) (awarding A. Cuddy $425.00 per hour and M. Cuddy $400.00 per hour, pending objections); *see also* note 9, *supra*, and accompanying text.

11

In the present case, the Court finds the requested hourly rates of $550.00 and $600.00 per hour to be excessive under the circumstances.[11] "The instant litigation is of a piece with the cases cited above, and an analysis of the *Johnson* factors does not justify a departure from those assessed rates." *S.C.*, 2024 WL 1447331, at *4. "While the administrative process was spread among [three] sessions, the underlying case[s] [were] not 'novel or difficult,' and the proceeding was 'a fairly straightforward administrative matter.'" *Id.* (quoting *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-02159 (RA), 2022 WL 4096071, at *4 (S.D.N.Y. Sept. 6, 2022)).

Having considered the parties' arguments, evidentiary submissions and each of the *Johnson* factors, it is respectfully recommended that fees be awarded for the time of the Senior Attorneys at an hourly rate of $400.00 per hour, irrespective of when the work was completed. *See M.H.*, 2021 WL 4804031 at *15 (noting that court should account for "reasonable current rates for attorneys of comparable skill, experience, and reputation, and not just the historical rates at the time the services were performed.").

### B.    Senior Associates (Kevin Mendillo And Benjamin Kopp)

Plaintiff seeks a rate of $450.00 per hour for work done prior to 2023 and $500.00 per hour for work done thereafter for Senior Associate Kevin M. Mendillo, Esq.

---

[11] In support for an award at the higher rates, Plaintiff principally relies on four sources: (1) the 2022 Real Report conducted and published by Wolters Kluwer; (2) the 50th Annual Survey of Law Firm Economics (2022), conducted and published by the National Law Journal and ALM Intelligence; (3) the December 2022 Litigation Hourly Rate Survey and Report conducted by the National Association of Legal Fee Analysis; and (4) Washington D.C.'s Laffey Matrix. (Pl.'s Mem. at 18-22.) For the same reasons articulated in *J.G.*, 2024 WL 728626 at *6-8, the Court finds these sources problematic, and thus, declines to give them substantial weight in its determination of reasonable hourly rates. *See also T.P.*, 2024 WL 986587, at *6 n.6 (similarly relying on the reasoning in *J.G.*, 2024 WL 728626 at *6-8, to find CLF's reliance on such sources "unpersuasive.").

("Mendillo").[12] (Pl.'s Mem. at 10-11; A. Cuddy Decl. ¶ 19.) Plaintiff seeks a rate of $425.00 per hour for work done prior to 2023 and $450.00 per hour for work done thereafter for Senior Associate Benjamin Kopp, Esq. ("Kopp").[13] (Pl.'s Mem. at 10-13; A. Cuddy Decl. ¶ 19.) Defendant opposes both hourly rates and instead suggests an hourly rates for (1) Mendillo of $250.00 per hour for work related to the administrative proceedings and $200.00 per hour for work related to this action, and (2) Kopp of $200.00 per hour for work related to this action. (Def.'s Opp'n Mem. at 4-7.)

Based upon the relevant factors, as well as decisions in this District,[14] Plaintiff's request for billing rates for Mendillo and Kopp is unreasonable. "As with [A.] Cuddy, recent awards by courts in this District have assigned Mendillo a far lower rate than he seeks here." *T.P.*, 2024 WL 986587, at *7. Other "cases have awarded Mendillo an hourly rate between $300.00 and $325.00 per hour." *Id.* (citing to *N.G.*, 2024 WL 133615, at *4 (awarding Mendillo rate of $300.00 per hour); *L.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-10672 (KPF), 2023 WL 5747465 at *9 (same)). In 2024, Mendillo has been awarded rates in the range of $300.00 to $310.00 per hour. *See D.S.*, 2024 WL 2159785, at *7 (awarding $300.00 per hour); *S.B.*, 2024 WL 1406559, at *6 (awarding $310.00 per hour); *F.N.*, 2024 WL 1348637, at *8

---

[12] Mendillo graduated law school in 2010 and was admitted to practice law in New York in 2011 and joined CLF in 2014, where he litigated special education matters for nearly a decade. (A. Cuddy Decl. ¶ 17; Resumes at PDF p. 4.)

[13] Kopp graduated law school in 2015 and was admitted to practice law in New York in 2016. (A. Cuddy ¶ 20; Resumes at PDF pp. 5-6.)

[14] *See, e.g.*, *H.W. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10591 (RA), 2022 WL 541347, at *3 (S.D.N.Y. Feb. 23, 2022) (using $300.00 rate for Mendillo), *aff'd sub nom.*, *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 490 (2023); *Y.S.*, 2022 WL 4096071, at *3 (using $300.00 rate for Mendillo); *C.D.*, 2018 WL 3769972, at *7 (finding in 2018 that a rate of $300.00 per hour was appropriate for a lawyer with 10 years' experience in general litigation).

(awarding $300.00 per hour); *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-10963 (AS), 2024 WL 1759218, at *1 (S.D.N.Y. Apr. 24, 2024) (awarding Mendillo $300.00 per hour).

As for Kopp, courts in this District have awarded an hourly rate in the range of approximately $200.00 to $300.00 per hour. *See F.N.*, 2024 WL 1348637, at *8 (awarding Kopp $200.00 per hour for attorney work); *Y.S.*, 2024 WL 1759218, at *1 (awarding Kopp $300.00 per hour); *N.L. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11215 (LGS) (SN), 2023 WL 2872624, at *5 (S.D.N.Y. Jan. 20, 2023), *report & recommendation adopted as modified*, 2023 WL 2523636, at *4-5 (S.D.N.Y. Mar. 15, 2023) (awarding Kopp $250.00 per hour); *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-00711 (MKV), 2022 WL 3572935, at *6 (S.D.N.Y. Aug. 19, 2022) (awarding Kopp $300.00 per hour).

Having considered the parties' arguments, evidentiary submissions and the *Johnson* factors, it is respectfully recommended that fees be awarded for the time of Mendillo and Kopp at an hourly rate of $300.00 per hour.

### C.    Mid-Level Associate (Francesca Antorino)

Plaintiff seeks an hourly rate of $425.00 per hour for Francesca Antorino, Esq. ("Antorino").[15] (Pl.'s Mem. at 11; A. Cuddy's Decl. ¶ 21.) Defendant opposes her hourly rate and instead suggests hourly rates of $200.00 per hour and $125.00 per hour for work she completed as a paralegal. (Def.'s Opp'n Mem. at 4-7.)

"For associates with three or fewer years of experience in [IDEA] litigation, courts in this District have typically approved rates of $150-$275." *R.G.*, 2019 WL 4735050, at *3

---

[15] Antorino graduated law school in 2017 and was admitted to practice law in New York in 2019. (A. Cuddy ¶ 21; Resumes at PDF p. 7.) Antorino started work on this case in 2023. (Antorino Decl. ¶ 4.)

14

(quotation omitted). Recently, the trend for mid-level associates has hovered around $290.00 and $325.00 per hour for "lightly contested" cases. *S.W. v. N.Y.C. Dep't of Educ.*, No. 22-CV-03592 (LGS), 2023 WL 5803415, at *7 (S.D.N.Y. Sept. 7, 2023).

Recently, Antorino has been awarded an hourly rate in the range of $200.00 to $300.00 per hour for legal work. *See J.G.*, 2024 WL 728626, at *9 (awarding Antorino $300.00 per hour, noting that $425.00 per hour for mid-level associates is "above the range of rates typically approved by courts in this District"); *S.C.*, 2024 WL 1447331, at *5, *9 (awarding Antorino $225.00 per hour for attorney federal proceeding work, $200.00 per hour for administrative proceeding work and $100.00 per hour as her paralegal rate for the "small number of administrative tasks, which CLF appropriately billed at paralegal rate).

Having considered the parties' arguments, evidentiary submissions and the *Johnson* factors, it is respectfully recommended that fees be awarded for the time of Antorino at an hourly rate of $100.00 for paralegal work (*see* Discussion Part 1.E, *infra*) and $225.00 per hour for attorney work.

### D.     Junior Associate (J. Cuddy)

Plaintiff seeks an hourly rate of $375.00 per hour for John F. Cuddy, Esq. ("J. Cuddy").[16] (Pl.'s Mem. at 10; A. Cuddy Decl. ¶ 18.) Defendant opposes his hourly rate and instead suggests an hourly rate of $200.00 per hour for work related to both the administrative proceedings and this action. (Def.'s Opp'n Mem. at 4-7.)

Plaintiff's requested rate of J. Cuddy of $375.00 per hour is unreasonable. Other

---

[16] J. Cuddy graduated law school in 2020 and was admitted to practice law in New York in 2021. (A. Cuddy ¶ 18; Resumes at PDF p. 3.)

courts in this District have determined that J. Cuddy's reasonable hourly rate is $200.00 per hour. *See R.R.,* 2024 U.S. Dist. LEXIS 98444, at *19; *M.M. v. N.Y.C. Dep't of Educ.,* No. 20-CV-06915 (ER), 2022 WL 3043218, at *8 (S.D.N.Y. Aug. 2, 2022) (awarding J. Cuddy $200.00 per hour since "no significant evidence was introduced regarding his qualifications or experience").

Having considered the parties' arguments, evidentiary submissions and the *Johnson* factors, it is respectfully recommended that fees be awarded for the time of J. Cuddy at an hourly rate of $200.00 per hour.

### E.        Paralegals

Plaintiff seeks an hourly blended rate of $225.00 per hour for work completed by paralegals.[17] (Pl.'s Mem. at 12-13; A. Cuddy Decl. ¶¶ 22-24.) Defendant opposes this proposed hourly rate and instead suggests an hourly rate of $100.00 per hour for work related to both the administrative proceedings and this action. (Def.'s Opp'n Mem. at 4-7.)

"With respect to paralegal rates, courts in the Southern District typically award fees for paralegal work in IDEA cases at rates ranging from $100 to $125." *M.N. v. N.Y.C. Dep't of Educ.,* No. 23-CV-07791 (DLC), 2024 WL 3085071, at *5 (S.D.N.Y. June 20, 2024); *see also S.B.,* 2024 WL 1406559, at *8 (awarding $125.00 per hour for paralegals); *Y.S.,* 2024 WL 1759218, at *3 (awarding $100.00 per hour); *T.P.,* 2024 WL 986587, at *8 (awarding $110.00 per hour). "Unless plaintiffs provide evidence of formal paralegal training, licenses, degrees

---

[17] The CLF paralegals include: Cailin O'Donnell (who holds a bachelor's degree and joined CLF in 2019): ChinaAnn Reeve (who holds associate's degree and bachelor's degree, and joined CLF in 2021), and Shobna P. Cuddy (senior paralegal and firm-wide office administrator who has worked at CLF since 2007). (A. Cuddy ¶¶ 22-24; Resumes at PDF pp. 10-14.)

or certifications, or longer paralegal experience, courts in this District have consistently held that hourly rates of $100 are appropriate." *N.L.*, 21-CV-11215, 2023 WL 2872624, at *5

The Court finds that the requested blended rate of $225.00 per hour exceeds what is reasonable. Having considered the parties' arguments, evidentiary submissions and the *Johnson* factors, an hourly rate of $100.00 per hour for paralegal work is reasonable.

II.   **Hours Reasonably Expended**

A fee award should compensate only those hours that were "reasonably expended" by the attorneys on this case. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). In determining the "hours reasonably expended" component of the lodestar, the Court may "exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" *H.C.*, 71 F.4th at 126 (quoting *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (quoting *Hensley*, 461 U.S. at 434)). Whether a case was "particularly complicated" or involved any "significant" legal issues may be considered in determining the reasonable number of hours a case requires. *Millea*, 658 F.3d at 167. District courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case." *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992).

To calibrate an appropriate award, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *See Hensley*, 461 U.S. at 436-37; *McDonald*, 450 F.3d at 96 ("[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application."); *see also H.C.*, 71 F.4th at 126 (quoting *Raja*, 43 F.4th at 87) (same). At the same time, however, the Court should not propel another major litigation

17

since "trial courts need not, and indeed should not . . . become green-eyeshade accountants. *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the "essential goal in shifting fees (to either party) is to do rough justice" and "not to achieve auditing perfection." *Id.* This means accounting for the "overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*[18]

The Court considers first the hours expended during the administrative proceedings and then considers the hours expended in connection with the instant federal court litigation.

### A. Administrative Proceedings

After CLF's so-called "discretionary reductions," Plaintiff seeks to recover attorneys' fees for a total of 211.80 hours billed with respect to the administrative proceedings.[19] Plaintiff avers that the Court should not make any further reductions to these hours billed. (Pl.'s Mem. at 22-24.) Defendant argues that the Court should cut CLF's hours by 30% through July 7, 2023, the date of its offer in IHO Case No. 203176; 40% through December 28, 2023, the date of its offer in IHO Case No. 224522; and 60% through February 15, 2023, the date of its offer in IHO Case No. 242313. (Def.'s Opp'n Mem. at 4-5.)

---

[18] In 2024, courts in this District routinely have reduced hours billed by CLF. *See D.S.*, 2024 WL 2159785, at *10-11 (recommending across-the-board 20% reduction to hours billed for administrative and federal proceedings among other specifically-identified reductions); *Y.S.*, 2024 WL 1759218, at *2 (reducing administrative proceeding billing by 10% and federal proceedings by 30%); *S.C.*, 2024 WL 1447331, at *16-26 (recommending 20% reduction in requested hours for administrative proceedings and 25% for federal case since "CLF has once again excessively billed for boilerplate and/or recycled pleadings").

[19] This figure is the sum of 82.30 hours requested for IHO Case No. 203176, 58.90 hours requested for IHO Case No. 224522 and 70.60 hours requested for IHO Case No. 242313.

Based upon its review of the billing records (*see* Admin. Proceeding No. 203176 Billing Records, ECF No. 27-20; Admin. Proceeding No. 224522 Billing Records, ECF No. 27-21; Admin. Proceeding No. 242313 Billing Records, ECF No. 27-22), the Court finds that there were instances of excessive billing by CLF in connection with the administrative proceedings. For example, as Defendant notes, two of the three administrative proceedings were uncontested and the other one was only nominally contested. (*See* Goldman Decl. ¶¶ 16, 24, 33.) In these circumstances, CLF timekeepers should not have needed to spend over 200 hours on the three administrative proceedings. Moreover, CLF had a history of representing the parent over a period of years, and should have achieved greater efficiencies in such representation in the later years. (*See id*. ¶¶ 39-40.)

After careful review of the hours billed by Plaintiff's counsel in connection with the administrative proceedings, and applying the relevant legal standards, the Court recommends reducing the hours billed by CLF for the administrative proceedings by 20%.[20] In the Court's view, this reduction achieves rough justice.[21] Table 1 below reflects the attorneys' fees recommended for the administrative proceedings, applying the hourly rates provided herein (*see* Discussion Part I.A-E., *supra*) and a 20% reduction in the hours billed:

---

[20] "Courts in this Circuit have recognized a district court's authority to make across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended." *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656-57 (S.D.N.Y. 2019).

[21] As noted earlier, CLF made certain "discretionary reductions" in its bills. (*See* Admin. Proceeding No. 203176 Billing Records at PDF p. 1; Admin. Proceeding No. 224522 Billing Records at PDF p. 1; Admin. Proceeding No. 242313 Billing Records at PDF p. 1.) The Court finds that these reductions by CLF, while laudable, are not sufficient to bring CLF's fees for the administrative proceedings within the range of reasonableness. Accordingly, the Court's recommendation herein to reduce the hours billed by CLF for the administrative proceedings by 20% accounts for CLF's discretionary reductions.

**Table 1**
**Administrative Proceedings Adjustments To Hourly Rate and Number of Hours Expended**

| Timekeeper | IHO Case No. 203176 | | | IHO Case No. 224522 | | | IHO Case No. No. 242313 | | |
|---|---|---|---|---|---|---|---|---|---|
| | Adj. Hourly Rate | Adj. No. Hours | Total | Adj. Hourly Rate | Adj. No. Hours | Total | Adj. Hourly Rate | Adj. No. Hours | Total |
| **Senior Attorneys** | | | | | | | | | |
| *Andrew Cuddy* | $ 400.00 | 1.76 | $ 704.00 | $ 400.00 | 2.16 | $ 864.00 | $ 400.00 | 2.48 | $ 992.00 |
| *Michael Cuddy* | $ 400.00 | 55.60 | $ 22,240.00 | $ 400.00 | 38.48 | $ 15,392.00 | $ 400.00 | 8.80 | $ 3,520.00 |
| **Senior Associate** | | | | | | | | | |
| *Kevin Mendillo* | $ 300.00 | 0.16 | $ 48.00 | $ 300.00 | 0 | $ - | $ 300.00 | 0 | $ - |
| **Junior Associate** | | | | | | | | | |
| *John Cuddy* | $ 200.00 | 0 | $ - | $ 200.00 | 0 | $ - | $ 200.00 | 34.80 | $ 6,960.00 |
| **Blended Paralegal** | $ 100.00 | 8.32 | $ 832.00 | $ 100.00 | 6.48 | $ 648.00 | $ 100.00 | 10.40 | $ 1,040.00 |
| **Total** | | | | | | | | | |
| *Hours* | | 65.84 | | | 47.12 | | | 56.48 | |
| *Subtotal Attorneys' Fees* | | | $ 23,824.00 | | | $ 16,904.00 | | | $ 12,512.00 |

Total Subtotal of Attorneys' Fees Recommended for Administrative Proceedings = $53,240.00

**B.      This Action**

After CLF's so-called "discretionary reductions," Plaintiff seeks to recover attorneys' fees for a total of 43.10 hours billed with respect to this action. Plaintiff avers that the Court should not make any further reductions in the hours billed for this action. (Pl.'s Mem. at 22-24.) Defendant argues that the Court should reduce CLF's hours expended by 50%. (Def.'s Mem. at 5.)

Based upon its review of the billing records (Federal Proceeding Updated Billing Records, ECF No. 43-2), the Court finds that there were instances of excessive billing. For example, as Defendant notes, Plaintiff's counsel billed 4.80 hours to prepare a 10-page Complaint, which contains many boilerplate allegations, in circumstances where the Complaint could have been prepared in half the time, or perhaps even less. (*See* Moraru Decl. ¶¶ 7-9.) Moreover, there was time billed for administrative tasks in connection with counsel's billing statements, which was inappropriate. (*See id*. ¶¶ 11-12.)

After careful review of the hours billed by Plaintiff's counsel in connection with this action, and applying the relevant legal standards, the Court recommends reducing the hours billed by CLF for this action by 20%. In the Court's view, this reduction achieves rough justice.[22] Table 2 below reflects the attorneys' fees recommended for this action, applying the hourly rates provided herein (*see* Discussion Part I.A-E, supra) and a 20% reduction in the hours billed:

---

[22] As noted earlier, CLF also made certain "discretionary reductions" in its bill for this action. (*See* Federal Proceeding Updated Billing Records at PDF p. 1.) Again, the Court finds that these reductions by CLF, while laudable, are not sufficient to bring CLF's fees for this action within the range of reasonableness. Accordingly, the Court's recommendation herein to reduce the hours billed by CLF for the instant action by 20% accounts for CLF's discretionary reductions.

**Table 2**
**Federal Action Adjustments To Hourly Rate and Number of Hours Expended**

| Timekeeper | Federal Action | | |
| --- | --- | --- | --- |
| | Adj. Hourly Rate | Adj. No. Hours | Total |
| **Senior Attorneys** | | | |
| *Andrew Cuddy* | $ 400.00 | 2.24 | $    896.00 |
| *Michael Cuddy* | $ 400.00 | 0.24 | $      96.00 |
| **Senior Associate** | | | |
| *Kevin Mendillo* | $ 300.00 | 0.24 | $      72.00 |
| *Benjamin Kopp* | $ 300.00 | 0.24 | $      72.00 |
| **Mid-Level Associate** | | | |
| *Francesca Antorino* | $ 225.00 | 24.72 | $  5,562.00 |
| **Junior Associate** | | | |
| *John Cuddy* | $ 200.00 | 0.96 | $    192.00 |
| **Blended Paralegal** | $ 100.00 | 6.08 | $    608.00 |
| | | | |
| **Total** | | | |
| *Hours* | | 34.72 | |
| *Subtotal Attorneys' Fees* | | | $ 7,498.00 |

Combining the fees for the administrative proceedings and this action, it is recommended that CLF be awarded a subtotal of $60,738.00 (*i.e.*, $53,240.00 for the administrative proceedings plus $7,498.00 for this action) in attorneys' fees before any appropriate reductions imposed by the IDEA.

### C.    IDEA Fee Cap

Defendant contends that the IDEA fee cap is applicable due to its issuance of prior settlement offers to resolve CLF's fee claims. (Def.'s Opp'n Mem. at 8-11.) Plaintiff argues that Defendant failed to provide him an offer to resolve this matter in its entirety (Pl.'s Mem. at 4), and in any event, avers that Defendant's offer was "well below what courts in this District were generally awarding[.]" (Pl.'s Reply Decl. ¶ 13.)

22

The IDEA provides that "[a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if . . . the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i). Therefore, "a plaintiff may not recover fees or costs for services performed after receipt of a written offer of settlement that exceeds the relief awarded." *See S.F. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11147 (PAE), 2023 WL 4531187, at *13 n.15 (S.D.N.Y. July 13, 2023). "Under those circumstances, a parent may only recover post-settlement offer fees if the parent 'was substantially justified in rejecting the settlement offer.'" *M.R. v. N.Y.C. Dep't of Educ.*, No. 21-CV-05503 (VEC), 2022 WL 16575767, at *2 (S.D.N.Y. Oct. 31, 2022) (quoting 20 U.S.C. § 1415(i)(3)(E)).

Defendant issued two settlement offers to resolve CLF's fee claims. On July 7, 2023, Defendant offered CLF $28,500.00 with respect to its fee claim for IHO Case No. 203176, which represented 69% of the total billing as of the date the offer was made; CLF did not respond to the offer. (Goldman Decl. ¶ 21; IHO Case No. 203176 Offer, ECF No. 38-2.) On December 28, 2023, Defendant offered CLF $21,500.00 with respect to its fee claim for IHO Case No. 224522. (IHO Case No. 224522 Offer, ECF No. 38-3.)

As for IHO Case No. 242313, prior to the issuance of a FOFD, Defendant made a substantive settlement offer of $141,618.75 for tuition and $5,700.00 for fees and costs, which counsel for Plaintiff indicated he would relay to his client. (Goldman Decl. ¶¶ 30-31; IHO Case No. 242313 Offer, ECF No. 38-1.) On March 16, 2023, the IHO issued an FOFD in

the same amount of the tuition offered above. (Goldman Decl. ¶¶ 34-35.) On June 12, 2023, CLF sent Defendant its fee claim and before Defendant could provide an offer, CLF filed this instant federal action. (*Id.* ¶¶ 36-38.)

Plaintiff points to the "substantial justification" defense to justify his rejection of DOE's prior offers, noting that they "fell below the low end of what" other courts have awarded. (*See* Pl.'s Reply at 6.) The Court finds this argument unpersuasive given the fee reductions recommended herein. *See S.B.*, 2024 WL 1406559, at *11 n.7 (noting plaintiff had no plausible reason for rejecting DOE's offer and that it was factually incorrect for CLF to claim that the offer was on the low end for what court have awarded since there, CLF was entitled to 50% of total fee demanded). The Court thus assesses the applicability of the IDEA fee cap with respect to each of the three administrative proceedings and the instant federal action.

With respect to IHO Case No. 203176, the reasonable fees that CLF may recover pursuant to this is recommendation are $23,824.00 (Discussion Part II.A., *supra*), which is less than the settlement offer by Defendant of $28,500.00 on July 7, 2023 (Goldman Decl. ¶ 21); therefore, the IDEA fee cap prohibits recovery for fees incurred after the settlement offer date. Based on the applicable billing statement (Admin. Proceeding No. 203176 Billing Records), there are three entries (one dated December 6, 2023, and two dated December 7, 2023) that should be excluded from the fees award. In excluding these hours, the Court

24

reduces the hours billed and the rate consistent with its recommendation herein. Based on those calculations, $96.00 shall be reduced from the fee award for IHO Case No. 203176.[23]

With respect to IHO Case No. 224522, the reasonable fees that CLF may recover pursuant to this is recommendation are $16,904.00 (Discussion Part II.A., *supra*), which is less than the settlement offer by Defendant of $21,500.00 on December 28, 2023 (IHO Case No. 224522 Offer); therefore, the IDEA fee cap prohibits recovery for fees incurred after the settlement offer date. Based on the applicable billing statement (Admin. Proceeding No. 224522 Billing Records), however, there are no fees to reduce since CLF's last billing entry is dated December 7, 2023. (Admin. Proceeding No. 224522 Billing Records at PDF p. 19.)

With respect to IHO Case No. 242313, the reasonable fees that CLF may recover pursuant to this is recommendation are $12,512.00 (Discussion Part II.A., *supra*), which is greater than the substantive settlement offer by Defendant of $141,618.75 for tuition and $5,700.00 for fees and costs.[24] (Goldman Decl. ¶¶ 30-31; IHO Case No. 242313 Offer.) The IDEA fee cap consequently does not apply to fees incurred for IHO Case No. 242313.

With respect to this action, because the parties do not point to an offer of settlement, the IDEA fee cap regime does not apply to what may be recovered from the case at bar. Thus, no fee cap reduction is applicable for this action.

---

[23] The Court arrives at an appropriate reduction of $96.00, which equals the sum of: (1) reducing the 0.40 hours billed by Paralegal S. Cuddy by 20% (*see* Discussion Part II.A., *supra*) and multiplying by the paralegal rate of $100.00 (*see* Discussion Part I.E., *supra*) to equal $32.00, and (2) reducing the 0.20 hours billed by A. Cuddy by 20% and multiplying it by his rate of $400.00 to equal $64.00.

[24] The Court notes that this substantive settlement offer by Defendant was not in response to a fee claim by CLF, since CLF did not submit their claim for fees until June 12, 2023, *after* the IHO issued a FOFD in the same amount of the tuition offered above on March 16, 2023. (Goldman Decl. ¶¶ 34-38.)

Applying the modest $96.00 IDEA fee cap reduction, the attorneys' fees recommended equal $60,642.00 (*i.e.*, $60,738.00 minus $96.00).

### D.      Costs

Plaintiff seeks costs in the amount of $573.02 in connection with the administrative proceedings for postage and "printing costs," and $402.00 in connection with this action for filing fees. (A. Cuddy Decl. at 19-21.) "A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(I)); *see also C.D. v. Miniskink Valley Cent. Sch. Dist.*, No. 17-CV-07632 (PAE), 2018 WL 3769972, at *12 (S.D.N.Y. Aug. 9, 2018) (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)).

The costs related to the administrative proceedings are comprised of $80.00 in postage,[25] and $493.00 in "printing costs." (A. Cuddy Decl. at 19-20.) The costs related to this action are limited to the filing fee. (*Id*. at 21.) Reimbursement for the filing fee and postage is reasonable. *See R.P.*, 2022 WL 1239860, at *7 (reimbursement granted for postage and filing fee).

The $493.00 in printing costs that Plaintiff seeks was billed at $0.50 per page, based on the Court's calculations (*i.e.*, $493.00 divided by 986 pages).[26] (A. Cuddy Decl. at 19-21.) Courts in this District generally limit such costs to 10 to 15 cents per page, though the practice is not uniform. *See R.G.*, 2019 WL 4735050, at *6. Courts have found that printing

---

[25] Plaintiff seeks $80.02 in postage, which is the sum of $26.81 for IHO Case No. 203176, $49.61 for IHO Case No. 224522 and $3.60 for IHO Case No. 242313. The Court rounds this amount down to $80.00.

[26] Plaintiff seeks $493.00 in printing costs, which is the sum of $323.00 for IHO Case No. 203176 (646 pages), $130.50 for IHO Case No. 224522 (261 pages) and $39.50 for IHO Case No. 242313 (79 pages). (Admin. Proceeding No. 203176 Billing Records; Admin. Proceeding No. 224522 Billing Records; Admin. Proceeding No. 242313 Billing Records.)

costs at $0.50 per page excessive. *See S.B.*, 2024 WL 1406559, at *10 (finding $0.50 per page excessive and reducing to $0.10 per page); *F.N.*, 2024 WL 1348637, at *14 (same); *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-CV-11783 (RA), 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021) (same). Adopting the reasoning of Judge Liman in *M.H.*, this Court will award printing costs at a rate of $0.20 per page, resulting in a printing costs award of $197.00, which the Court rounded down.[27] *See M.H.*, 2021 WL 4804031, at *27.

Thus, it is respectfully recommended that Plaintiff be awarded costs in the amount of $679.00.

### III.    Pre- and Post-Judgment Interest

#### A.    Pre-Judgment Interest

Plaintiff initially sought pre-judgment interest. (Compl. at 9.) In his memorandum of law, Plaintiff only requested fees and costs, "plus any amount that becomes necessary hereinafter, with an account for delay, and post-judgment interest thereupon." (Pl.'s Mem. at 5). However, Plaintiff includes in footnote 1 that he "planned to seek" pre-judgment interest "as part of their fee claim," and cites to *Lochren v. County of Suffolk* (2d Cir. 2009), stating that "the proper course would be, instead, to grant fees at [his] counsel's now-current rates that reasonable paying clients in the market would expect to be charged." (*Id.* at 5 n.1.) Thus, it appears to the Court that Plaintiff no longer is seeking pre-judgment interest.

---

[27] Again, the Court rounded, and based on the Court's calculations, its award of $197.00 in printing costs is spread between the three underlying administrative proceedings as follows: $129.00 for IHO Case No. 203176, $52.00 for IHO Case No. 224522 and $16.00 for IHO Case No. 242313.

In any event, the Court agrees with Judge Liman's analysis of *Lochren* in *M.H.*, 2021 WL 4804031, at *31, and declines to award pre-judgment interest since the Court is utilizing current market rates to calculate CLF's reasonable attorneys' fees. (*See* Discussion Part I.A-E., *supra*.)

**B.      Post-Judgment Interest**

Plaintiff seeks post-judgment interest on the amounts of fees and costs awarded on its motion. (Pl.'s Mem. at 5, 25.) Plaintiff's request for post-judgment interest should be granted because "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *S.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-01922 (LGS), 2021 WL 100501, at *5 (S.D.N.Y. Jan. 12, 2021) (internal quotation marks and citation omitted); *see also Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017).

**IV.      Final Tabulations**

Consistent with the foregoing, including the IDEA fee cap reductions (*see* Discussion Part II.C., *supra*), it is respectfully recommended that CLF be awarded the following in attorneys' fees and costs, plus post-judgment interest (*see* Discussion Part III.B., *supra*):

**Table 3**
**Final Tabulations With IDEA Fee Cap Adjustments And Costs**

|  | IHO Case No. 203176 | IHO Case No. 224522 | IHO Case No. 242313 | Federal Action | Total |
|---|---|---|---|---|---|
| **Total** | | | | | |
| *Subtotal Attorneys' Fees* | $ 23,824.00 | $ 16,904.00 | $ 12,512.00 | $ 7,498.00 | $ 60,738.00 |
| *IDEA Fee Cap Reductions* | ($ 96.00) | ($ - ) | ($ - ) | ($ - ) | ($ 96.00) |
| *Costs* | $ 156.00 | $ 102.00 | $ 19.00 | $ 402.00 | $ 679.00 |
| *Net Total Awarded* | $ 23,884.00 | $ 17,006.00 | $ 12,531.00 | $ 7,900.00 | **$ 61,321.00** |

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion be GRANTED IN PART and DENIED IN PART. Specifically, it is respectfully recommended that Plaintiff be awarded attorneys' fees in the amount of $60,642.00, as reduced for the IDEA fee cap, and costs in the amount of $679.00, for a net total of $61,321.00. It is further recommended that post-judgment interest should accrue on the unpaid amount of the judgment at the rate established by 28 U.S.C. § 1961(a).

Dated:      New York, New York
            July 18, 2024

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS**
**TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of

the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Ho.

THE FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF OBJECTIONS FOR PURPOSES OF APPEAL. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).