UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.H., individually and on behalf of S.H., a child with a disability,<br><br>                              Plaintiff,<br><br>               v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                              Defendant. | 23 Civ. 6714 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

      On February 23, 2024, Plaintiff filed a motion for attorney's fees and costs. *See* ECF No. 21. An amended referral order issued March 22, 2024, referred this motion to Magistrate Judge Stewart D. Aaron for a report and recommendation. *See* ECF No. 31. On July 10, 2024, Judge Aaron issued a Report and Recommendation (the "Report"), recommending that Plaintiff be awarded fees of $60,642.00 and costs of $679.00, for a total of $61,321.00, and that post-judgment interest should accrue in accordance with 28 U.S.C. § 1961(a). *See* Report at 29, ECF No. 44.

      On July 30, 2024, Plaintiff filed objections to the Report. *See* Pl.'s Objs., ECF No. 45. On August 8, 2024, Defendant filed objections to the Report. *See* Def.'s Objs., ECF No. 52. On August 15, 2024, Plaintiff filed a response to Defendant's objections. *See* Pl.'s Opp'n to Def.'s Objs. ("Pl.'s Opp'n"), ECF No. 53.

      On September 17, 2024, the Court stayed this case pending the Second Circuit's decision in *Y.G. et al. v. New York City Department of Education*, No. 22-1184. *See* ECF No. 54. On October 9, 2025, the parties informed the Court via status letter that the Second Circuit had rendered decision on all appeals that had not been withdrawn, that mandate issued on October 3, 2025, and that there is no new guidance on the issues presented on the pending motion. *See* ECF

No. 60.  The parties also requested that the Court lift the stay in this case, and resolve the pending motion.

Accordingly, the Court hereby lifts the stay in this case.  And, for the reasons stated below, the Report is **ADOPTED WITH MODIFICATIONS** concerning fees incurred in the litigation of this motion, as specified below.

### A. Legal Standards

In reviewing a magistrate judge's report and recommendation,[1] a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party.  Fed. R. Civ. P. 72(b)(3).  To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects."  *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).[2]  If "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error."  *Id.*  For those portions to which no such objection is made, a district court need only satisfy itself that there is no "clear error" on the face of the record.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," based on "rates

---

[1] Motions for attorney's fees are treated as dispositive motions for purposes of Rule 72 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C). To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019). Then, the district court "multipl[ies] the number of hours reasonably expended on the litigation times a reasonable hourly rate, resulting in a figure often referred to as the 'lodestar,' but which the Second Circuit prefers to call the 'presumptively reasonable fee.'" *R.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 4054, 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022). The Report followed this familiar formula to arrive a reasonable fee, and then further recommended a reduction under IDEA-specific fee caps. *See* Report at 22-26.

### B. Plaintiff's Objections

Plaintiff objects first to the rates at which the Report recommends awarding fees. In substance, Plaintiff argues that the Report erred by departing from the rates awarded in *J.H. v. N.Y.C. Dep't of Educ.*, No. 23 Civ. 4753, 2024 WL 2330462 (S.D.N.Y. May 21, 2024); by recommending $400 as a rate for Andrew Cuddy and Michael Cuddy, when they received these rates as early as 2018; by failing to provide sufficient explanation as to why it was recommending rates for Kevin Mendillo, Benjamin Kopp, and John Cuddy at a certain value within the range of rates they have been previously awarded or typical rates for attorneys of their experience level; by recommending a rate for Francesca Antorino that is insufficiently higher than the mean for attorneys for less experience and is lower than one she was awarded in another case; and by failing to provide "any reasoning" for the rates assigned for paralegal work. Pl.'s Objs. 1-4. These arguments fail. "[I]n setting a reasonable hourly rate," a district court "exercise[s] . . . considerable discretion." *Arbor Hill Concerned Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). To the extent that Plaintiff identifies decisions from this District that have awarded

3

higher rates to the Plaintiff's counsel, these decisions are not binding and, more to the point, are incorporated into the Report's thorough and well-reasoned survey of reasonable rates awarded by courts in this District to Plaintiff's counsel. Upon *de novo* review, the Court agrees with the Report's recommendation and adopts its proposed rates.

Plaintiff next objects to the 20% across-the-board reduction in hours recommended by the Report. Plaintiff argues that the Report does not sufficiently identify instances of overbilling that would warrant such a reduction and that the Report should have removed any such entries, instead of recommending an across-the-board reduction. Pl.'s Objs. 4-6. Plaintiff also argues that the Report's conclusion that counsel "had a history of representing the parent over a period of years, and should have achieved greater efficiencies in such representation in the later years," Report at 19, was in error, citing the potential perverse incentives caused by this reasoning. Pl.'s Objs. 6. Plaintiff finally argues that the Report erred by treating the underlying administrative proceedings as uncontested for purposes of recommending how many hours should be compensated, because Plaintiff was unaware of the fact that Defendant would only minimally contest these proceedings. *Id.* at 7-8. These arguments fail because "a district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018). The Court further agrees with the Report's conclusion regarding counsel's continuing representation, and how it supports a reduction in fees. The Court has reviewed Plaintiff's billing materials and, on *de novo* review, adopts the recommendation for a 20% reduction for Plaintiff's hours billed (with an additional reduction for hours applicable to the federal action, discussed below).

Finally, Plaintiff objects to the Report on grounds that it provides insufficient analysis in support of its recommended rates. Pl.'s Objs. 6-7. This argument borders on frivolous and, in any

4

event, fails because it is flatly contradicted by the text of the Report, which thoroughly explains its careful reasoning. *See* Report at 8-17.

### C. Defendant's Objections

Defendant objects to the Report's failure to reduce Plaintiff's fees for this fees action to account for Defendant's settlement offers that exceed Plaintiff's actual recovery. Under the IDEA, a plaintiff may not recover fees or costs "in any action or proceeding . . . for services performed subsequent to the time of a written offer of settlement," 20 U.S.C. § 1415(i)(3)(D)(i), if the relief ultimately awarded is less than the settlement offer. *See* 20 U.S.C. § 1415(i)(3)(D)(i)(III). The Report recommends a 20% reduction in hours, which as noted, *supra*, this Court adopts; as a result, the totals recovered by Plaintiff for fees with respect to two of the three underlying administrative proceedings (IHO Case No. 203176 and IHO Case No. 224522) were less than what Defendant had previously offered to settle them. *See* Report at 24-25. Accordingly, the Report concludes that the IDEA fees cap would apply to fees accrued in connections with those two proceedings beginning on July 7, 2023, for No. 203176 and on December 7, 2023, for No. 224522. *Id.*

The Report, however, also reasons that the fee caps do not apply to hours billed in connection with this fees litigation—which seeks fees in connection with all three administrative proceedings—because the parties did not identify an offer of settlement related to the action at hand. *See id.* at 25. Defendant objects, arguing that fees for work on this fees litigation ("fees-on-fees") should be reduced insofar as Plaintiff seeks fees-on-fees for the two administrative proceedings for which the IDEA fees cap applies. Specifically, Defendant seeks a 66% reduction for any fees sought in connection with the fees litigation. *See* Def.'s Objs. 3-4.

The statutory provision setting forth the IDEA fees cap states that it prohibits recovery "in any action or proceeding . . . for services performed" after the time of a written settlement offer if the amount actually recovered by the plaintiff is less than the offer. 20 U.S.C. § 1415(i)(3)(D)(i).

5

The parties do not identify and the Court has not found any binding authority as to whether the IDEA fees cap applies to fees-on-fees in connection with a fee-capped administrative proceeding. There is certainly some intuitive appeal to Defendant's position—if fees in connection with an administrative proceeding are capped, it would make little sense to allow a plaintiff to recover additional fees litigating those already-capped fees. On the other hand, the statute caps fees after the time of a settlement offer in an "action or proceeding," and the fees-on-fees litigation is arguably a separate "proceeding" from the underlying administrative action—such that the fee cap for the administrative proceeding should not apply to the fees-on-fees proceedings.

In any event, the Court need not definitively resolve this statutory question. In the circumstances presented by this case, where the Plaintiff—through a single combined fees application—seeks recovery of fees from three separate administrative proceedings, two of which are subject to fee caps, the Court finds that an additional discretionary reduction is warranted to reflect the spirit of the IDEA's fee capping provisions. However, Defendant's request for 66% is excessive, as less than one-third of the total time billed by Plaintiff's counsel in this fees-on-fees action came after the second fee cap kicked in.[3] Furthermore, as Plaintiff argues, some of the work to recover fees related to administrative proceeding No. 242313 is properly compensable and would have taken place regardless; the marginal cost of having this briefing relate to three, rather than one, administrative proceeding is minimal. *See* Pl.'s Opp'n 3. To achieve "rough justice," the Court reduces Plaintiff's fees in this action by 50%, to account for the particular circumstances of this case. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should

---

[3] In the current action, Plaintiff seeks fees for 4.7 hours of work prior to July 7; for 22 hours after July 7 and before December 7; and for 12.2 hours on or after December 7. *See* Cuddy Decl. Ex. W, ECF No. 27-23.

not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

## CONCLUSION

It is hereby **ORDERED** that the Report is **ADOPTED**, with the following modification: Plaintiff shall recover $53,421.00 in attorney's fees related to the underlying administrative proceedings and costs in the amount of $679.00, as recommended by the Report. Plaintiff shall recover $4,686.25 in attorney's fees related to the instant action. In total, Plaintiff shall recover $58,107.25 in attorney's fees and $679.00 in costs. These sums will be subject to post-judgment interest, pursuant to 28 U.S.C. § 1961(a).

Plaintiff is directed to submit a proposed judgment in conformity with this Order within seven (7) days of its publication.

Dated: October 20, 2025
      New York, New York

                                                   DALE E. HO
                                      United States District Judge